## Elliott v. Hall et al.

June 25, 1943.

J. B. Clarke for appellant.

J. D. Bond for appellee.

OPINION OF THE COURT BY PERRY, COMMISSIONER—Affirming.

On May 18, 1934, Perry Newsom, Chester Newsom and Maggie (Newsom) Anderson, an infant suing by her husband, Minus Anderson, as next friend, claiming ownership of an undivided 3/14 interest in a certain 200-acre farm tract in Floyd county, which they alleged they inherited from their ancestor, Jarvey Newsom, who died intestate about the year 1903, filed their suit in equity in the Floyd circuit court against Susan Hall, Press Hall, Lee Hall, Dave Hall and Perry Hall, alleging that the defendant, Susan Hall, had by mesne conveyances acquired from certain named other heirs of the intestate the remaining 11/14 undivided interest therein, by which they sought a division and allotment of their respective proportional 3/14 and 11/14 interests and also an accounting by the defendants for their like proportional part of the rents and timber sale proceeds which the defendants had received and appropriated to their exclusive use and benefit during the period of years they alleged the defendants were the sole occupants and managers of the whole of the jointly owned tract of land in question.

Summons was duly issued to the sheriff for service upon the defendants, which (according to his return endorsed thereon) showed service upon three of the five defendants, Susan Hall, Lee Hall and Marion Hall, on February 28, 1935.

On May 19, the defendants having failed to file answer to the petition, denying its allegations, upon submission a judgment by default was moved for and entered. Commissioners were appointed to divide and allot to the parties their proportional interests, as respectively adjudged, in the lands and plaintiffs were further awarded the sum of $1,440 sued for as their proportional part of the accrued rents and timber sale proceeds which were collected and had been appropriated to the exclusive use and benefit of the defendants during the period of years they had exclusively occupied and managed the whole farm, appropriating all the income received therefrom.

It further appears that the commissioners, appointed by the chancellor to divide and allot the lands between the parties as directed in the default judgment, supra, having failed to act and no steps whatever or in any respect having been taken by plaintiffs to enforce the terms of the judgment against the defendants, the

latter on September 19, 1938, or more than two years after the above mentioned default judgment was procured against them in May, 1936, by the Newsoms in their original equity action, filed this second suit in equity in the Floyd circuit court against the Newsoms, plaintiffs in the original action, and the here appellant, R. C. Elliott also, who, the petition alleged, had since the default judgment was rendered against the Halls, the only defendants in the original action, in May, 1936, been publicly holding forth and claiming that he had acquired from the Newsoms an interest in their part of these lands, as adjudged them, the sole ownership of which was claimed by appellees, and that, by reason of his publicly making such adverse claims, he was thereby casting a cloud upon their title to the lands involved, which they asked to have quieted against him.

Also the petition alleged that the added defendant, R. C. Elliott, had, with the fraudulent intent to deprive these plaintiffs of their title to and possession of a certain part of the described tract of land and with the consent and approval of the other Newsom defendants, procured and caused said original equity action in which the default judgment was entered to be brought by the Newsoms against the Halls on May 18, 1934; further, that the record in said case affirmatively shows that the summons was not executed on the there defendants, now plaintiffs, Press Hall and Dave Hall, and that although the return endorsed upon the summons shows that it was executed upon the now plaintiffs, Susan Hall, Lee Hall and Marion Hall (later substituted as a proper defendant in lieu of Perry Hall, an improper party), the said return was made through oversight or mistake of the officer so endorsing same and that in truth the said summons was not executed upon these defendants, averring that in the community in which the then deputy sheriff, Willie Johnson, resided and in which the defendants reside, there lived many other persons by the names of Susan Hall, Lee Hall and Marion Hall; and that if the summons was executed by the officer in accordance with his return, the execution of the process was made upon some persons of the same names other than these plaintiffs, who were the true defendants in that action and, therefore, that the judgment entered therein against the defendants, the Halls, was void, for the reason that, no summons having been served upon them, the court was without jurisdiction to enter judgment against them.

Further the plaintiffs alleged that on or about July 15, 1938, or some two years after the default judgment is shown by the record to have been entered (May 19, 1936), the plaintiff, Susan Hall, received a letter from the here added defendant and appellant, R. C. Elliott, in which he asserted claim to a portion of the tract of land here involved and to a like portion of the proceeds of the money judgment entered in the original action; that since the receipt of the said Elliott's letter, plaintiffs have investigated and ascertained the facts set out, which were unknown to them until the month of September, 1938.

Whereupon they filed this, their present suit in equity against the plaintiffs in the original suit and R. C. Elliott, seeking to set aside the default judgment previously entered against them in the original Newsom action and to have the whole record of same consolidated with this, their later action; to have their title quieted; and that they be adjudged the sole owners of and entitled to the possession of the whole of the tract of land in controversy.

Summons was executed on their petition, which, according to the return of the sheriff endorsed thereon, was executed on the Newsoms, the only plaintiffs in the original action, and the added defendant, R. C. Elliott, on September 28, 1938.

Thereafter, on December 14, 1939, some fifteen months after the filing of the appellees' petition on September 19, 1938, and service of summons, issued therein, upon the defendants on September 28, 1938, during which intervening period some five regular terms of the court had been held without any of the defendants having filed answer, controverting or denying the allegations of the petition, a special term of the Floyd circuit court having been called in December, 1939, and this case coming on for trial and hearing on plaintiffs' motion for judgment against the said named Newsom defendants and R. C. Elliott, the court, upon considering the record and finding that all the said defendants had been served with process in due time and that no answer or defense, denying the allegations of the petition, had been made by said defendants, or any of them, ordered that the plaintiffs' said motion for judgment be sustained and accordingly entered a default judgment, setting aside the prior default judgment rendered in May, 1936, in the

original equity suit brought by the Newsoms against the Halls and adjudging the latter, the plaintiffs, Susan Hall et al., the owners, free from all liens and encumbrances, of the whole of the land set out and described in their petition.

From this judgment entered against all the defendants, including R. C. Elliott, he alone appeals, challenging the propriety of the judgment and asking its reversal on numerous grounds assigned, among which is that it be reversed, to the end that he be thereby given a further chance to file his answer and counterclaim, setting up his ownership acquired under certain deeds of an undivided interest in the property.

In this connection, it is to be noted that the appellant, R. C. Elliott, has nowhere throughout the record, by any pleading, asserted or claimed that he had acquired any interest whatever in the lands involved, nor does it appear that he in any way or upon any occasion claimed ownership of an interest in the lands other than appellees allege in their petition that appellant had written Susan Hall a letter, claiming therein alone that he had obtained an interest in the lands from some of the Newsoms after the default judgment had been rendered for them, in May, 1936, holding the Newsoms to own a 3/14 interest in the property.

However, in addition to this failure of R. C. Elliott to assert by pleading any interest, as claimed by him, in the lands in question, neither he nor any of his co-defendants, the Newsoms (who have not appealed), though having been named and served with summons as defendants in this second suit filed by the appellees, did ever file answer, denying the allegations of the petition, wherein the Halls alleged that they were the sole owners of the lands involved and that the prior default judgment rendered against them was void, for the reason that they had never been served with process as defendants in that action and further alleged that the appellant, R. C. Elliott, had not and could not have acquired any interest in the lands from the Newsoms under the void judgment, which purported to award them an interest therein, and that Elliott, in so fraudulently claiming he had so acquired an interest in the lands, was casting a cloud upon plaintiffs' title to the land, which they asked to have quieted against him, and which was accordingly adjudged.

848

In view of such being the showing of the record, we deem it unnecessary to consider any of the other grounds assigned for reversal, in that it is clear, the appellant having failed to file answer, contradicting and denying any of the allegations made by the Halls in their petition, they must be accepted as true and taken as confessed by appellant, by reason of which he can not now here, for the first time, be allowed to make and to have considered his belated claims to an interest in the property.

We are, therefore, of the opinion that the judgment entered by the learned chancellor was altogether proper and the same is affirmed.